UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.               )<br>)<br>JEFFREY FRANKLIN         )<br>)<br>Defendant.   )<br>) | Case No. 07-178 (JDB) |

**MOTION FOR LEAVE TO LATE FILE MOTION TO SUPPRESS STATEMENTS**

Defendant, Jeffrey Franklin, through undersigned counsel, respectfully requests leave to late file the Defendant's Motion to Suppress Statements. In support of this motion, undersigned counsel states the following:

1. On September 21, 2007, the Court directed the parties to file pre-trial motions on or before October 5, 2007, and set a motion hearing date for December 7, 2007. The Court further set a trial date in this case for January 22, 2008.

2. Although counsel was present at the September 21st hearing when the motion schedule was issued by the Court, counsel neglected to calendar the motion schedule in this case, and only learned that the date for filing motions had passed when counsel was contacted by the Court's staff last week.

3. The motion filed simultaneously with this motion will ensure that the Defendant's right to a fair trial and the effective assistance of counsel at trial is preserved.

**WHEREFORE**, counsel for Mr. Franklin respectfully requests that this Court grant this motion to late file the motion filed simultaneously with this motion.

Respectfully submitted,
A.J. Kramer
Federal Public Defender

\_\_\_\_\_/s/_____
David W. Bos
Assistant Federal Public Defender
Counsel for Appellant
625 Indiana Ave., N.W.
Suite 550
Washington, D.C.  20004
(202) 208-7500

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 07-178 (JDB) |
| ) | |
| JEFFREY FRANKLIN ) | |
| ) | |
| Defendant. ) | |

## ORDER

Upon consideration of the Defendant's Motion For Leave to Late File Defendant's Motion to Suppress Statement, it is hereby

**ORDERED**, that the Defendant's motion is granted.

_____   _____
DATE                                                     THE HONORABLE JOHN D. BATES
                                                                    UNITED STATES DISTRICT JUDGE

cc:
AUSA: Louis Ramos
AFPD: David W. Bos

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Criminal No. 07-178 (JDB) |
| ) | |
| JEFFREY FRANKLIN, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**MOTION TO SUPPRESS STATEMENTS
AND INCORPORATED MEMORANDUM IN SUPPORT THEREOF
AND REQUEST FOR EVIDENTIARY HEARING**

Defendant, Jeffrey Franklin, through undersigned counsel, respectfully moves this Honorable Court, pursuant to the Fourth and Fifth amendments to the United States Constitution, to suppress at trial all statements made by the Defendant at the time of his arrest. This motion is made pursuant to Fed. R. Crim. P. 12(b)(3), and is supported by the discussion below. An evidentiary hearing on this motion is respectfully requested.

**STATEMENT OF FACTS**[1]

On June 19, 2007, the Defendant was stopped by members of the Metropolitan Police Department in the 1300 block of Staples Street, N.E. According to the Government, the Defendant was stopped because he was allegedly observed running in an area where a car accident had occurred. At the time of the stop, the Defendant was on a public way and there was no warrant for his arrest. Nevertheless, the police forcibly restrained, and then arrested the

---

[1] This statement of facts is a summary based on the P.D. 163 police report, and other information provided by the Government to the Defendant during discovery. By including in this motion the facts as alleged by Government , the Defendant does not in any way concede that these facts are accurate or true.

Defendant. After he was arrested, the Defendant purportedly provided the police with video taped statement.

## SUMMARY OF ARGUMENT

Because the police did not have reasonable articulable suspicion to detain the Defendant, all fruits of the illegal detention must be suppressed including all statements made by the Defendant. Moreover, even if the Court finds the police conduct permissible pursuant to the Fourth Amendment, any statements obtained from the Defendant were obtained in violation of his Miranda rights and were not voluntary, and therefore must be suppressed on Fifth Amendment grounds.

## **ARGUMENT**

### I. ALL STATEMENTS MADE BY THE DEFENDANT AND ALL EVIDENCE SEIZED FROM THE DEFENDANT MUST BE SUPPRESSED BECAUSE HIS ARREST WAS UNCONSTITUTIONAL

A warrantless arrest of an individual outside of the home is unconstitutional unless the government establishes that the arrest was supported by probable cause. Hayes v. Florida, 470 U.S. 811 (1985); Royer, 460 U.S. at 500; United States v. Allen, 629 F.2d 51, 55 (D.C. Cir. 1980); see also Katz v. United States, 389 U.S. 347 (1967); Henry v. United States, 361 U.S. 98 (1959). Probable cause exists when "the totality of the circumstances, as viewed by a reasonable and prudent police officer in light of his training and experience, would lead that police officer to believe that a criminal offense has been or is being committed." Halliman, 923 F.2d at 881 (citing Green, 670 F.2d at 1152). A seizure exists when a reasonable person in the defendant's position would not feel free to leave. United States v. Mendenhall, 446 U.S. 544, 554 (1980).

Though not all seizures rise to the level of a full-blown arrest, police officers must nevertheless have a reasonable, articulable suspicion to justify even a more limited investigatory stop. See Terry v. Ohio, 392 U.S. 1, 20-27 (1968).

Here, the government cannot adduce sufficient sworn testimony at a hearing to demonstrate that the police had reasonable suspicion to stop the Defendant. By forcibly restraining the Defendant, the police executed a stop of the Defendant. Yet, at the hearing, the Government will be unable to provide articulable facts giving the police reasonable suspicion to conduct the stop of the Defendant. As a result, any evidence seized and statements made subsequent to and as a result of the stop must be suppressed as "fruits of the poisonous tree." Wong Sun v. United States, 371 U.S. at 471, 484-85 (1963).

## II. THE BURDEN IS ON THE GOVERNMENT TO JUSTIFY THE ARREST OF THE DEFENDANT

As discussed above, the Defendant asserts that his warrantless stop, search and seizure violated the Fourth Amendment. In such cases, the government has the burden of showing probable cause for a warrantless arrest. Hayes v. Florida, 470 U.S. 811 (1985); Florida v. Royer, 460 U.S. 491, 500 (1983); United States v. Allen, 629 F.2d 51, 55 (D.C. Cir. 1980). See also Katz v. United States, 389 U.S. 347 (1967); Henry v. United States, 361 U.S. 98 (1958). The government bears the burden of adducing sworn testimony sufficient to satisfy this Court that the facts and circumstances known to the arresting officer at the time they seized the Defendant justified that seizure. United States v. Jenkins, 530 F. Supp. 8, 10 (D.D.C. 1981), citing, Brinegar v. United States, 338 U.S. 160, 175 (1949). An evidentiary hearing will show that there

was no legal basis to stop the Defendant.

### III. ALL STATEMENTS MADE BY THE DEFENDANT MUST BE SUPPRESSES BECAUSE THEY WERE MADE INVOLUNTARILY AND IN VIOLATION OF MIRANDA

A.The Defendant's Statements Were Involuntary

The Government has alleged that the Defendant made a video-taped statement to law enforcement authorities after his arrest. Before introducing this statement at trial, either in its case-in-chief or as impeachment or rebuttal evidence, the government bears the burden of proving that the statement was voluntary.  See Lego v. Twomey, 404 U.S. 477 (1972).  The test for voluntariness is whether a statement is the "product of an essentially free and unconstrained choice by its maker." Culombe v. Connecticut, 367 U.S. 568, 602 (1961).  The determination of whether a statement was made voluntarily "requires a careful evaluation of all the circumstances of the interrogation." Mincey v. Arizona, 437 U.S. 385, 402 (1978).  The Court must consider the "totality of the circumstances" in deciding whether the defendant made his statement voluntarily.  Fikes v. Alabama, 352 U.S. 191 (1957); see also Gallegos v. Colorado, 370 U.S. 49 (1962) (determination of whether an accused's statement was made involuntarily so as to render it inadmissible requires close scrutiny of the facts of each individual case); Clewis v. Texas, 386 U.S. 707 (1967).

Specifically, the Court must examine the efforts to overbear the Defendant's free will in relation to his capacity to resist those efforts.  Davis v. North Carolina, 384 U.S. 737 (1966); Culombe, 367 U.S. at 607.  The Court must examine the Defendant's "background, experience, and conduct," North Carolina v. Butler, 441 U.S. 369, 375 (1979), to determine whether his statements were the product of a rational intellect and a free will.  Blackburn v. Alabama, 361

U.S. 199, 208 (1980). Here, the evidence at a hearing will show that any statements made by the Defendant were made involuntarily and thus must be suppressed under the Fifth Amendment.

### B. The Defendant's Statements were Made in Violation of Miranda

Even if the statements were made voluntarily, Miranda requires suppression of the Defendant's statements during the government's case-in-chief because the Defendant was not adequately apprized of his right against self-incrimination prior to undergoing custodial interrogation. See, e.g., Pennsylvania v. Muniz, 496 U.S. 582, 110 S. Ct. 2638, 2643-44 (1990). A person is in "custody" under Miranda when he "has been . . . deprived of his freedom of action in any significant way." Miranda v. Arizona, 384 U.S. 436, 444 (1966). Whether a person is in custody depends upon "how a reasonable man in the suspect's position would have understood his situation." Berkemer v. McCarty, 468 U.S. 420, 442 (1984). "[T]he term 'interrogation' under Miranda refers not only to express questioning, but also to any words or actions on the part of the police (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response from the suspect." Rhode Island v. Innis, 446 U.S. 291, 301 (1980).

In the present case, the facts and circumstances surrounding the arrest and interrogation of the Defendant do not support a finding either (1) that the Defendant was adequately apprized of his Miranda rights, or (2) that any alleged waiver of his Miranda rights was a knowing, voluntary, and intelligent one. Thus, the statements must be suppressed, as well as any evidence seized as a result of those statements.

WHEREFORE, for the foregoing reasons, and for any which may become apparent at a hearing on this motion, it is urged that this Court grant this Motion to Suppress.

        Respectfully submitted,
        A.J. KRAMER
        Federal Public Defender


         /s/
        DAVID W. BOS.
        Assistant Federal Public Defender
        625 Indiana Avenue, N.W., Suite 550
        Washington, DC  20004
        (202) 208-7500

Case 1:07-cr-00178-JDB     Document 9-3     Filed 11/14/2007     Page 7 of 7

IN THE
IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**JEFFREY FRANKLIN,** )<br>)<br>**Defendant.** )<br>_____ ) | Criminal No. 07-178 (JDB) |

**ORDER**

Upon consideration of defendant's motion to suppress, it is hereby

ORDERED that defendant's motion is GRANTED; and it is

FURTHER ORDERED that all statements made by the Defendant after his arrest in this case are suppressed.

SO ORDERED.

_____
THE HONORABLE JOHN D. BATES
UNITED STATES DISTRICT JUDGE

DATE:

Copies to:
AFPD David W. Bos
AUSA Louis Ramos