**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| v.           ) | Case No. 07-178 (JDB) |
| ) | |
| **JEFFERY FRANKLIN,** ) | |
| Defendant. ) | |
| _____ ) | |

**DEFENDANT'S MEMORANDUM IN AID OF SENTENCING**

Jeffery Franklin, by his attorney, David W. Bos, Assistant Federal Public Defender, hereby submits the following memorandum in aid of sentencing in this matter.  Pursuant to the sentencing factors set forth in 18 U.S.C. §3553(a) and in light of United States v. Booker, Mr. Franklin respectfully requests that the Court sentence Mr. Franklin to a period of 46 months incarceration, followed by three years of supervised release.

1. Mr. Franklin appears before the Court after having pled guilty to possession of a firearm and ammunition by a person convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. §922(g).

2. Mr. Franklin has two prior convictions, the first of which occurred two months after Mr. Franklin turned eighteen. The second offense (which increased his base offense level in this case six levels – and his sentencing range from 21-27 months to 46-57 months) occurred four months later. Mr. Franklin has no juvenile record.

3. Mr. Franklin has one daughter, Janiyah, and has been dating his fiancee, Jessie Cabbell, for several years. As noted the Pre-Sentence Report, Mr. Franklin maintains regular contact with his daughter and contributes financially to her support.

4. Pursuant to the sentencing factors set forth in 18 U.S.C. §3553(a) and in light of United

States v. Booker, Mr. Franklin urges the Court to impose a sentence at the low end of the guidelines in this case, 46 months.

**DISCUSSION**

**I.    SENTENCING FRAMEWORK POST BOOKER**

Under Justice Breyer's majority opinion in Booker, the "district courts, while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing. See 18 U.S.C. § 3553(a)(4)." United States v. Booker, __ U.S. __, 2005 WL 50108,*27 & n.1 (U.S. Jan. 12, 2005) (Breyer, J.). While holding that district courts should still consider the Guideline calculations and ranges for sentencing purposes, the remedial majority in Booker held that courts must consider all the purposes of sentencing set forth in 18 U.S.C. § 3553(a). Among the matters that §3553(a) requires the sentencing judge to consider are:

> (4) the kinds of sentence and the sentencing range established for--
> (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines--
> (I) issued by the Sentencing Commission ....
> (5) any pertinent policy statement--
> (A) issued by the Sentencing Commission ....
> 18 U.S.C. § 3553(a)(4), (5).

Pursuant to Booker, therefore, courts must treat the Guidelines as but one, among several, sentencing factors.

Pursuant to 18 U.S.C. §§ 3562 and 3553(a)–which were explicitly endorsed by the Supreme Court in Booker–sentencing courts should consider the need for the sentence imposed

> (A) to reflect the seriousness of the offense, to promote respect
> for the law, and to provide just punishment for the offense;

      (B) to afford adequate deterrence to criminal conduct;

      (C) to protect the public from further crimes of the defendant; and

      (D) to provide the defendant with the needed educational and vocational training, medical care, or other correctional treatment in the most effective manner.

Specifically, courts should "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" set forth above.

Section 3553(a) further directs sentencing courts to consider the nature and circumstances of the offense, the history and characteristics of the defendant, the range of sentences available, the need to avoid unwanted sentencing disparities among defendants with similar records who have been found guilty of similar conduct, and the need to provide restitution to any victims of the offenses charged.

Pursuant to 18 U.S.C. § 3661, also expressly endorsed by the Booker majority:

No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purposes of imposing an appropriate sentence.

Section 3582 of Title 18 states that

[t]he court, in determining whether to impose a sentence of imprisonment, and, if a term of imprisonment is to be imposed, in determining the length of the term, shall consider the factors set forth in Section 3553(a) to the extent that they are applicable, recognizing that imprisonment is not an appropriate means of promoting correction and rehabilitation.

Taken together, the directives of Booker, as well as Sections 3553, 3661, and 3582 of Title 18, make it clear that sentencing courts may no longer consider the Guidelines alone in

determining the appropriate sentence. With respect to *departures* from the Guideline range, in particular following Booker, courts need not justify sentences outside the Guidelines by citing factors that take the case outside the "heartland." Rather, as long as the sentence imposed is reasonable and supported by the factors outlined in Section 3553, courts may disagree with the range proposed by the Guidelines in individual cases and exercise their discretion.

With regard to appropriate methodology in determining the appropriate sentence post-Booker, the Defendant urges the Court to adopt the approach delineated by District Court Judge Adelman in United States v. Smith, Case No. 02-CR-163. First, the Court must determine the applicable advisory guideline range. Second, the Court must determine whether, pursuant to the Sentencing Commission's Policy Statements, any departures from the advisory guideline range apply. Finally, the Court must determine the appropriate sentence in light of the factors set forth in 18 U.S.C. §3553(a).

Advisory Guideline Range

A. Adjusted Offense Level

The Probation Department, using the 2004 edition of the Sentencing Guidelines Manual, has concluded that the Adjusted Offense Level in Mr. Franklin's case is 22. With a three level reduction for Acceptance of Responsibility, Mr. Franklin's Total Offense Level is 19. Mr. Franklin does not dispute this calculation.

B. Criminal History Computation

The Probation Department has concluded that based on his two prior record and status at the time he committed the instant offense, Mr. Franklin's Criminal History Category is IV. Mr. Franklin does not dispute this calculation.

C. Potential Departure Considerations Under the Advisory Guidelines

As noted above, among the matters that §3553(a) requires the sentencing judge to consider with regards to the advisory guidelines are:

> (4) the kinds of sentence and the sentencing range established for--
> (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines--
> (I) issued by the Sentencing Commission ....
> (5) any pertinent policy statement--
> (A) issued by the Sentencing Commission ....
> 18 U.S.C. § 3553(a)(4), (5).

<u>Imposition of Sentence</u>

As noted above, pursuant to 18 U.S.C. §§ 3562 and 3553(a) sentencing courts should consider the need for the sentence imposed 1) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; 2) to afford adequate deterrence to criminal conduct; 3) to protect the public from further crimes of the defendant; and 4) to provide the defendant with the needed educational and vocational training, medical care, or other correctional treatment in the most effective manner.

Section 3553(a) further directs sentencing courts to consider the nature and circumstances of the offense, the history and characteristics of the defendant, the range of sentences available, the need to avoid unwanted sentencing disparities among defendants with similar records who have been found guilty of similar conduct, and the need to provide restitution to any victims of the offenses charged. Specifically, courts should "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" set forth above.

1. Nature of the Offense

While the possession of a weapon after having previously been convicted of a felony

5

offense cannot be classified as a non-serious offense, it has not been classified as a crime of violence under either the guidelines or the United States Code.  Moreover, there is no evidence that Mr. Franklin ever used the weapon.

18 U.S.C. §922(g) provides for a sentence of up to 10 years in prison. Individuals convicted pursuant to the statute, however, may also receive probationary sentences.  Similarly, the applicable advisory sentencing guideline envisions that some defendants convicted under the statute will be eligible for a probationary sentence. See U.S.S.G. 2K2.1(b)(2).  Therefore, while the nature of the offense is indeed serious, both the Code and the Guidelines envision that some individuals receive probationary sentences.

2. Character of the Defendant

As noted above Mr. Franklin has two prior convictions, both of which occurred when Mr. Franklin was just barely eighteen years old.  Each case occurred within four months of the other.

Mr. Franklin is the father of an infant daughter. Prior to his incarceration, he provided financial support for his daughter and played a significant role in her upbringing.  Although he can no longer provide financial support for his daughter, he does maintain regular contact with both his daughter and his fiancee.

3. Range of Sentences Available

As noted above, both the guidelines and the Code envision that individuals convicted of offenses to which Mr. Franklin has pled guilty may be sentenced to a period of probation or up to 10 years in prison. The Court is therefore authorized to impose any sentence within this range.

**Conclusion**

A 46 months sentence will meet the needs of the public in this case. For the forgoing reasons, therefore, I urge the Court to sentence Mr. Franklin to 46 months in this case.

Respectfully submitted,

A.J. KRAMER
FEDERAL PUBLIC DEFENDER


_____/s/_____
David W. Bos
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Suite 550
Washington, DC  20004
(202) 208-7500