UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JEFFREY FRANKLIN,<br><br>Defendant. | Criminal No. 07-cr-178 (JDB) |

## MEMORANDUM OPINION & ORDER

Defendant Jeffrey Franklin is currently detained at FCI Beckley in Beaver, West Virginia, where he is serving a sentence of 126 months' incarceration for violating the terms of his supervised release by committing and being convicted of a separate crime—carjacking while in possession of a firearm—in the U.S. District Court for the District of Maryland. See Dec. 2, 2016 Judgment on Revocation ("J. on Rev.") [ECF No. 35] at 2–3 (sentencing Franklin to 24 months' incarceration for the violation, to be served consecutively to the 102 months he received for the carjacking offense). His expected release date is March 2, 2021, but he has now moved for compassionate release, requesting a reduction in his sentence under 18 U.S.C. § 3582(c)(1)(A) in light of the threat of COVID-19 spreading within his detention facility. See Mot. Under § 3582(c)(1)(A)(i) ("Release Mot.") [ECF No. 50] at 1, 4. The government opposes this motion. See Gov't's Opp'n to Def.'s Pro Se Mot. Under 18 U.S.C. § 3582(c)(1)(A)(i) ("Gov't's Opp'n") [ECF No. 52] at 1.

"Federal courts are forbidden, as a general matter, to 'modify a term of imprisonment once it has been opposed,' 18 U.S.C. § 3582(c); but the rule of finality is subject to a few narrow exceptions." Freeman v. United States, 564 U.S. 522, 526 (2011) (plurality opinion). The First Step Act of 2018 provides one such exception: a court may, upon motion of the Bureau of Prisons

1

or a defendant, reduce a defendant's term of imprisonment if, "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," the court concludes that "extraordinary and compelling reasons warrant such a reduction" and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i); see also USSG § 1B1.13 (setting forth the Commission's policy statement, which requires (among other things) that the defendant's release not pose "a danger to the safety of any other person or to the community"). "As the moving party, the defendant bears the burden of establishing that he is eligible for a sentence reduction under § 3582(c)(1)(A)." United States v. Demirtas, No. 11-cr-356 (RDM), 2020 WL 3489475, at *1 (D.D.C. June 25, 2020). And a court may consider a defendant's motion for such a reduction only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring [such] a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

To start, the parties agree that Mr. Franklin has satisfied § 3582(c)(1)'s exhaustion requirement, see Release Mot. at 2, Gov't's Opp'n at 10–11, thus the Court turns directly to the merits of the motion for compassionate release. Mr. Franklin argues that the spread of COVID-19, in combination with his status as an African-American prisoner and his underlying health conditions, are extraordinary and compelling reasons for granting him early release. See Release Mot. at 4–5. He states that he suffers from "high blood pressure" and "chronic pain from a gunshot wound" and that he has a "history of smoking tobacco products." Id. at 5. Mr. Franklin also argues that he is more demographically susceptible to COVID-19, given the virus's disproportionate effects on African-Americans and the fact that it is "virtually impossible to practice social distancing and other necessary procedures" in the prison environment. Id. at 4. As for the

§ 3553(a) factors, Mr. Franklin states that his "behavior and willingness to rehabilitate while incarcerated" demonstrate that he is not a danger to the community. Id. at 6. He notes that he has completed "Drug Awareness, Anger Management, Scissors Lift, and Forklift License" classes and that he is taking GED classes. Id. at 6–7. He further notes that he has "zero (0) violence on his record since he has been incarcerated." Id. at 7. Under his release plan, he would reside with his sister in White Plains, Maryland. Id.

The government opposes his motion for compassionate release for two reasons: (1) defendant's claims "do not sufficiently demonstrate the requisite extraordinary and compelling reasons" for compassionate release, and (2) defendant's "conduct," "criminal history," and "post-conviction violation of supervised release do not demonstrate that the defendant is no longer a danger to the community." Gov't's Opp'n at 1–2. The Court agrees with the government's arguments and concludes that Franklin's motion fails.

First, the Court rejects Mr. Franklin's argument that COVID-19 is by itself an "extraordinary and compelling reason" warranting compassionate release, see Def.'s Mot. at 4. "[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020). "A general fear of contracting the virus is insufficient" to grant compassionate release because, if it were sufficient, "every inmate . . . would qualify for immediate release or reduction in their sentence." United States v. Davis, No. CR18–0132 (RAJ), 2020 WL 2767548, at *3 (W.D. Wash. May 28, 2020).

The Court must therefore look to Mr. Franklin's specific health concerns and to the conditions at FCI Beckley to determine whether "extraordinary and compelling" reasons for release exist. Mr. Franklin states that he suffers from "high blood pressure[,] . . . chronic pain

3

from a gunshot wound[,] . . . [and] has a history of smoking tobacco products."[1]  Release Mot. at 5.  He has not, however, "presented any documentation . . . that would permit this Court to find that he suffers from a serious physical or mental condition increasing his risk of becoming seriously ill from COVID-19."  United States v. Queen, No. 17-cr-58 (EGS), 2020 WL 3447988, at *3 (D.D.C. June 24, 2020).  For instance, it is unclear how severe his hypertension is and to what extent Mr. Franklin's history of smoking tobacco has affected his respiratory system.  In the absence of documentation of such serious health conditions, the Court cannot conclude that the risks to Mr. Franklin created by the COVID-19 pandemic alone constitute extraordinary and compelling reasons for his release under § 3582(c)(1)(A)(i).  See id.; see also United States v. Wheeler, No. 19-cr-00085 (ESH), 2020 WL 2801289, at *3 (D.D.C. May 29, 2020) (explaining that "the Court must concern itself primarily with the particular characteristics of an individual defendant when determining what constitutes an 'extraordinary and compelling reason,' not a generalized risk to the prison population as a whole").

But even assuming that Mr. Franklin does suffer from these health conditions, he has not demonstrated that his current health situation creates "extraordinary and compelling reasons" for his release.  Both parties agree that "extraordinary and compelling reasons" include at least those circumstances defined in the Guidelines, such as "suffering from a terminal illness" and "suffering

---

[1] Mr. Franklin also cites the cases of several other petitioners who have been granted relief through a compassionate release motion.  Three of the petitioners he mentions, however, were not incarcerated at his facility and had much more severe health concerns.  See United States v. Atwi, No. 18-20607, 2020 WL 1910152, at *4–6 (E.D. Mich. Apr. 20, 2020) (granting relief to an inmate with tuberculosis at FCI Milan, which had 37 active COVID-19 cases at the time); United States v. Joling, No. 6:11-cr-60131-AA, 2020 WL 1903280, at *4–6 (D. Or. Apr. 17, 2020) (granting relief to an inmate with two types of cancer at FCI Butner, "where there ha[d] been an ongoing outbreak of cases"); United States v. McCarthy, 3:92-CR-0070 (JCH), 2020 WL 1698732, at *5 (D. Conn. Apr. 8, 2020) (granting relief to a 65-year-old inmate with chronic obstructive pulmonary disease at MDC Brooklyn).  The only case he cited from his own facility, FCI Buckley, involved an inmate with a history of heart attacks and heart surgery, again a much more severe case than Mr. Franklin's.  See Poulios v. United States, 2:09-cr-109, 2020 WL 1922775, at *3 (E.D. Va. Apr. 21, 2020); see also People Who Are at Higher Risk for Severe Illness, Centers for Disease Control and Prevention (June 25, 2020), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html (listing "[s]erious heart conditions" as placing individuals "at increased risk of severe illness from COVID-19").

from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover," USSG § 1B1.13, comment. (n.1). See Release Mot. at 5; Gov't's Opp'n at 10.  Mr. Franklin suggests that the Court should also consider circumstances that are "comparable or analogous to what the Commission has already articulated as criteria for compassionate release," United States v. Fox, Criminal No. 2:14-cr-03-DBH, 2019 WL 3046086, at *3 (D. Me. July 11, 2019).  See Release Mot. at 5.  Under his more liberal standard, however, Mr. Franklin still does not demonstrate that his present circumstances provide "extraordinary and compelling reasons" for his release.

First, "high blood pressure" and "smoking" are recognized by the CDC only as conditions that might place a person at "increased risk of severe illness from COVID-19," rather than as conditions that do pose such a risk.  See People Who Are at Higher Risk for Severe Illness, Centers for Disease Control and Prevention (June 25, 2020), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html.  Chronic pain is not in either category of concern.  See id.; see also United States v. Ram, No. 5:13-CR-50045, 2020 WL 3100837, at *2 (W.D. Ark. June 11, 2020) (denying compassionate release to a 38-year-old inmate with "back pain, high blood pressure, high cholesterol, and glaucoma").  Second, FCI Beckley, where Mr. Franklin is incarcerated, does not currently have a single inmate or staff member infected with the COVID-19 virus.  See COVID-19 Cases, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (listing no positive cases at FCI Beckley as of July 15, 2020); see also United States v. Denby, No. 06-30087, 2020 WL 3868385, at *4 (C.D. Ill. July 9, 2020) (concluding that there were no positive cases as of July 7, 2020); United States v. Blevins, No 1:15CR00003-004, 2020 WL 3821097, at *1 (W.D. Va. July 8, 2020) (same).

Under such circumstances, the Court cannot conclude that Mr. Franklin has demonstrated the existence of "extraordinary and compelling reasons" for a sentence reduction. See Denby, 2020 WL 3868385, at *4 (denying defendant's motion for compassionate release "[b]ased on [his] fairly healthy medical condition and the absence of any case of the coronavirus at FCI Beckley"). Mr. Franklin recently turned thirty-four years old, and even assuming that he has both hypertension and a history of smoking tobacco, the risk of him suffering serious illness from COVID-19 remains low because there are no confirmed cases at his facility. The Court thus concludes that Mr. Franklin does not currently face circumstances "comparable or analogous to" the reasons for compassionate release outlined in § 1B1.13 of the Guidelines—in other words, he does not demonstrate "extraordinary and compelling reasons" for his compassionate release. Cf., e.g., United States v. Curtis, No. CR 03-533 (BAH), 2020 WL 1935543, at *3, 5–6 (D.D.C. Apr. 22, 2020) (granting release where the government and defendant agreed that his advanced multiple sclerosis required assistance "with all activities of daily living" and made him "particular[ly] susceptibl[e] to the worst effects of the virus" (quotation omitted)); United States v. McCarthy, No. 3:17-cr-0230, 2020 WL 1698732, at *2 (D. Conn. Apr. 8, 2020) (granting release to a 65-year-old defendant suffering from chronic obstructive pulmonary disease and asthma).

Moreover, even if Mr. Franklin had presented "extraordinary and compelling reasons" for release, the Court may reduce his term of imprisonment only if the balance of the § 3553(a) factors favor his release. See United States v. Pawlowski, No. 20-2033, 2020 WL 3483740, at *1–3 (3d Cir. June 26, 2020); United States v. Holroyd, No. 1:17-cr-00234-2 (TNM), 2020 WL 2735664, at *6–7 (D.D.C. May 26, 2020); see also 18 U.S.C. § 3582(c)(1)(A)(i); USSG § 1B1.13 (requiring that the defendant's release not pose "a danger to the safety of any other person or to the community"). In this case, Mr. Franklin was in possession of a loaded, stolen handgun after being

convicted twice for felonies in D.C. (reckless driving and carrying a dangerous weapon) as well as a felony in Maryland (robbery). See Statement of Facts in Supp. of Plea Agreement [ECF No. 14] at 1; see also Gov't's Opp'n at 14. Mr. Franklin is also currently incarcerated based on the revocation of his supervised release for, once again, the unauthorized possession of a loaded handgun during a carjacking. See J. on Rev. at 2–3. Given these circumstances, the Court has serious concerns about Mr. Franklin's criminal history and the likelihood of his engaging in further illegal activity while on release.[2] Cf. United States v. Sears, No. 19-cr-21 (KBJ), 2020 WL 3250717, at *3 (D.D.C. June 16, 2020) (denying compassionate release where defendant was "at high risk of reoffending").

Releasing Mr. Franklin now would also not adequately reflect the seriousness of his offense. Mr. Franklin states that he has served approximately 90% of his sentence, which he contends weighs in favor of his release. See Release Mot. at 4. But, as of July 2020, Mr. Franklin has actually served approximately 100 months of his aggregate 126-month sentence—only 79% of his total term. See Def.'s Sentence Computation Data, BOP [ECF No. 52-1] at 1. Even accounting for good time, he is not eligible for home release until September 2, 2020, with a projected end date of March 2, 2021. See id. And while Mr. Franklin presents some mitigating factors, such as his record of non-violence in prison, see Def.'s Mot. at 7, the nature and circumstances of his crime strongly favor continued incarceration. Given Mr. Franklin's history of recidivism and the factors in 18 U.S.C. § 3553(a), including the "nature and circumstances of

---

[2] The BOP shares this concern and has given Mr. Franklin a "High" score utilizing the PATTERN risk assessment tool. See Def.'s Ex. A at 10. The PATTERN tool ("Prisoner Assessment Tool Targeting Estimated Risk and Needs") assesses a list of nine factors in order to determine an inmate's risk of recidivism. See U.S. Department of Justice, The First Step Act of 2018: Risk and Needs Assessment System—Update, at 7–9 (2020), https://www.bop.gov/inmates/fsa/docs/the-first-step-act-of-2018-risk-and-needs-assessment-system-updated.pdf. In Attorney General Barr's Memoranda to the Director of the BOP dated March 26, 2020 and April 3, 2020, a prisoner's score under PATTERN was listed as a factor to be considered when determining whether that prisoner is eligible for home confinement. See Womack v. United States, No. 08-0391-WS, 2020 WL 3965000, at *2 (S.D. Ala. July 13, 2020).

his crime," the Court concludes that his sentence is proper, and on that basis alone, denial of his motion is proper. See 18 U.S.C. § 3553(a)(1); see also United States v. Jackson, No. 1:19-cr-00347 (TNM), 2020 WL 3402391, at *8 (D.D.C. June 19, 2020) (denying compassionate release where reduction in defendant's sentence "would not reflect the seriousness of the offense, promote respect for the law, provide just punishment, or afford adequate deterrence" (internal quotation marks omitted)).

Accordingly, upon consideration of [50] the Motion for Compassionate Release, and the entire record herein, it is hereby **ORDERED** that the motion is **DENIED**.

/s/<br>
JOHN D. BATES<br>
United States District Judge

Dated: July 17, 2020